IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 13, 2005 Session

## JOHN JAY HOOKER v. PHIL BREDESEN, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 04-405-III     Ellen Hobbs Lyle, Chancellor**

———————————————

**No. M2004-02185-COA-R3-CV - Filed October 25, 2005**

———————————————

PATRICIA J. COTTRELL, J., dissenting in part.

The trial court specifically found that the complaint herein was "duplicative of matters already settled and litigated by rulings of superior courts." Nonetheless, the court decided sanctions were not appropriate due to the ambiguity created by the Special Master's determination the case could proceed under the order limiting the cases filed by the plaintiff. The majority opinion agrees that the lawsuit's clearance under the screening order and the Attorney General's failure to challenge the result of that screening justify the refusal to impose sanctions. Thus, the test applied by the trial court and the majority of this court is whether the complaint complied with the screening order.

In my opinion, that is not the question and, consequently, I respectfully disagree with my colleagues. Whether or not sanctions should have been imposed herein can only be determined by application of the appropriate legal principles that are relevant to any Rule 11 case. Every other lawyer or litigant is subject to the requirements of Tenn. R. Civ. P. 11. The screening mechanism imposed by the Davidson County trial courts neither relieves Mr. Hooker of the obligation to comply with Rule 11 nor protects him from sanctions if he does not. Even if this were the first lawsuit Mr. Hooker ever filed, which it clearly is not,[1] his signing and filing the complaint would have been subject to the requirements of Rule 11. One of those requirements is that the claims and other legal contentions in the complaint be warranted by existing law or by a nonfrivolous argument for the modification or reversal of existing law. Tenn. R. Civ. P. 11.02(2). Applying a test of objective reasonableness, the question is whether, under all the circumstances, the complaint was based on "a plausible view of the law." *Andrews v. Bible*, 812 S.W.2d 284, 288 (Tenn. 1991). This test was not applied to the complaint herein.

The screening order was put in place because of prior abuse of the litigation process. It cannot have been intended to provide greater protection to Mr. Hooker than is provided to other litigants and attorneys who have not been the subject of such orders.

---

[1] It is also not the first lawsuit he has filed making the same challenges and arguments about campaign financing.

Because the trial court did not apply the relevant standards under Rule 11 and did not make the factual findings relevant thereto, I would vacate the order of the trial court and remand for consideration under the correct applicable legal principles. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (holding that a trial court abuses its discretion when it applies incorrect legal principles).

I concur in the majority opinion on the merits of Mr. Hooker's appeal.

_____

PATRICIA J. COTTRELL, JUDGE